Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 02 C 69 | **DATE** | 10/22/2002 |
| **CASE TITLE** | Bland vs. Fiat Allis NA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Fiatallis is ordered to produce a privilege log to the Court and the plaintiff by 11/5/02. In the meantime, plaintiff's attorneys must keep the documents in a secure location and may not use them for any reason in this litigation. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | Document Number |
| | No notices required. | OCT 2 3 2002 date docketed | 53 |
| ✓ | Notices mailed by judge's staff. | AR docketing deputy initials | |
| | Notified counsel by telephone. | 10/22/2002 date mailed notice | |
| | Docketing to mail notices. | KF mailing deputy initials | |
| | Mail AO 450 form. | | |
| ✓ | Copy to judge/magistrate judge. | | |

| KF | courtroom deputy's initials | Date/time received in central Clerk's Office |
|---|---|---|

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LOU BLAND, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 02 C 69** |
| **v.** | ) | |
| | ) | **Hon. James B. Zagel** |
| **FIAT ALLIS NORTH AMERICA, INC., an Illinois corporation,** | ) | **Mag. Judge Mason** |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Before us is a motion for protective order filed by defendant Fiatallis North America, Inc. ("Fiatallis"). It seeks to have returned to it certain allegedly privileged documents that are in the possession of the plaintiff, former Fiatallis employee Lou Bland. The parties have extensively briefed the issue of whether the documents are truly privileged, and Fiatallis has provided copies of the documents to the Court for an *in camera* review. After reviewing the parties' briefs, we have determined that we cannot conduct a proper *in camera* review without first receiving from Fiatallis a description of the reason(s) it is asserting a privilege over each particular record. However, in so ordering, we do not wish to imply that Fiatallis acted improperly in not providing either the Court or Bland with such a description at an earlier time. Further, we wish to address several of the issues raised in the parties' briefs now so that they may be put to rest prior to our *in camera* review.

Plaintiff Bland, who represents a putative class of Fiatallis employees, has sued the defendant for violations of the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 *et.seq.* He formerly served as Fiatallis' Vice President of Employee Relations, and later its General Counsel, and received copies of the documents at issue in

53

connection with his employment. Bland apparently retained copies of the documents after he was terminated,[1] later providing them to his attorneys for production to the defendant in response to its document request. Bland's attorneys recognized that the documents contained potentially privileged information and informed Fiatallis. Fiatallis asserted the attorney-client privilege over these documents and demanded both their return and that they not be used for any purpose in the litigation. After the parties began briefing this issue, Bland produced another group of documents, some of which Fiatallis also contends are privileged.

Bland objects to the designation of the documents as privileged for several reasons. First, he objects that Fiatallis has not produced any sort of privilege log or otherwise provided any evidence or argument why the documents fall under the protection of the attorney-client privilege.[2] Indeed, Bland argues that on their face, it is apparent that the documents are not privileged, since they were created for business, rather than legal, purposes, and because the "fiduciary duty exception" to claims of privilege regarding ERISA documents applies. Finally, Bland asserts that the crime-fraud exception to the attorney-client privilege applies in this case, obviating any privilege that might otherwise attach.

Generally, an entity claiming that documents are protected by the attorney-client privilege has the burden of proving that the documents are actually privileged. *See United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). Determining whether particular documents are privileged requires a highly fact-specific inquiry. *See In the Matter of Grand*

---

[1] Fiatallis contends that Bland violated the confidentiality portion of his employment agreement when he shared these documents with his lawyers. We do not need to reach this issue to determine whether the documents are privileged.

[2] Fiatallis also argues that at least some of the documents are protected by the work-product privilege. To the extent that it is asserting such a privilege, it should include this information in the description it files with the Court pursuant to this order.

*Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000). This may often include the review of the materials by the Court *in camera*. "Only when the district court has been exposed to the contested documents and the specific facts which support a finding of privilege under the attorney-client relationship for each document can it make a principled determination as to whether the attorney-client privilege in fact applies." *Holifield v. United States*, 909 F.2d 201, 204 (7th Cir. 1990).

In order for the attorney-client privilege to attach to a document, certain factors must be present. The general rule was set out in *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991): 1) where legal advice of any kind is sought 2) from a professional legal advisor in his capacity as such, 3) the communications relating to that purpose, 4) made in confidence, 5) by the client, 6) are at his instance permanently protected 7) from disclosure by himself or the legal advisor, 8) except the protection may be waived. The privilege may cover not only communications made by a client, but also include those communications from an attorney to his or her client that contain privileged information. *See Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2000). Such appears to be the situation with the documents at issue here. Fiatallis asserts that the documents at issue contain privileged communications from the company's in-house and outside counsel regarding a possible corporate restructuring and employee benefits issues.

As we mentioned above, prior to our undertaking an *in camera* review of the documents, Fiatallis must provide us with a log detailing the reason that each document – or, where possible, each category of documents – is subject to the privilege.[3] This will allow us to make a reasoned determination about each document individually, since it is possible that

[3] This request is especially necessary since it appears that Fiatallis is not asserting a privilege over every single document in Bland's possession.

some may be privileged and some may not. Although Bland chastises Fiatallis for not producing a privilege log at an earlier date, nothing in the parties' briefs indicates that one was previously necessary. In normal situations, a party responding to document requests will produce all non-privileged material and provide its opponent with a privilege log explaining why it is not producing certain allegedly privileged documents. In such a case, the opposing party never sees the privileged records, although it may dispute the assertion of privilege based on the descriptions in the log.

In this case, we are not even certain whether Bland has served Fiatallis with document requests, let alone asked it for documents that are covered by privilege. Instead, Fiatallis first became aware that Bland possessed potentially privileged documents when he produced them back to Fiatallis in discovery. Given this scenario, we do not believe that Fiatallis was required to provide Bland with a privilege log, although doing so may have shortened the length of time the parties and Court needed to spend on this matter. Once Fiatallis provides us with a log, we will use it to assess the documents individually while also taking into account Bland's arguments that the documents are not privileged. If, after receiving a copy of Fiatallis' log, Bland wishes to supplement its argument that certain documents are not privileged, we will allow him to do so.

In his response, Bland additionally argued that both the crime-fraud exception as well as ERISA's fiduciary duty exception obviate any claim of privilege that Fiatallis might have. Bland subsequently dropped his invocation of the crime-fraud exception in its sur-reply and we do not address that argument here. The fiduciary duty exception to the attorney-client privilege in ERISA matters holds that communications between a fiduciary of an ERISA plan and legal counsel regarding management of the plan are not privileged as to the plan's beneficiaries. *See In Re Long Island Lighting Co.*, 129 F.3d 268, 272 (2nd. Cir. 1997). In its

reply, Fiatallis argues that none of the documents over which it is claiming a privilege concern the management or administration of the plan, instead they concern the design of the plan itself and other issues related to corporate restructuring at Fiatallis. Thus, the fiduciary duty exception does not apply. We take note of each party's arguments and will address them when we review the documents *in camera.*

Fiatallis is ordered to produce a privilege log to the Court and the plaintiff within two weeks of this order. In the meantime, plaintiff's attorneys must keep the documents in a secure location and may not use them for any reason in this litigation. It is so ordered.

**ENTER:**

**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated: October 22, 2002**