Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 02 C 69 | **DATE** | 11/21/2002 |
| **CASE TITLE** | Bland vs. Fiatallis North America Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | NOV 22 2002 | |
| | Notified counsel by telephone. | | date docketed | 54 |
| ✓ | Docketing to mail notices. | | [docketing deputy initials] | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LOU BLAND, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 02 C 69 |
| v. ) | |
| ) | Hon. James B. Zagel |
| FIATALLIS NORTH AMERICA, INC., ) | |
| an Illinois corporation, ) | Mag. Judge Mason |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

This opinion is a follow-up to an earlier one we issued on October 22, 2002, regarding defendant Fiatallis North America, Inc.'s ("Fiatallis") motion for protective order against plaintiff and former employee, Lou Bland. At issue are a group of Fiatallis documents in Bland's possession, which Fiatallis contends are protected by the attorney-client and/or work-product privileges. Bland retained these documents after he was terminated from defendant and later provided them to his attorneys in response to document requests from Fiatallis. In our previous opinion, we ordered Fiatallis to provide us with a privilege log describing the reasons it asserted a privilege over each document; it also provided copies of the documents to us for an *in camera* review.[1] After reviewing the documents and considering the parties' arguments in their original briefs,[2] we uphold

---

[1] In this case, the term *in camera* is something of a misnomer, since Bland's attorneys have already seen all of the document at issue, and indeed, still retain them in their possession. The question for us to decide is whether the documents should be returned to Fiatallis and Bland barred from using them for any purpose.

[2] We dispensed with several side-issues in our first opinion and indicated that we would address the bulk of the parties' legal arguments after obtaining the privilege log.

Fiatallis' assertion of privilege with regard to a number of the documents, but order the production of others.

**Background**

Because our first opinion only touched on some of the background of this case, we will set forth the applicable facts here as well. Bland is a former employee of Fiatallis. He previously held the positions of Vice President of Employee Relations, and later, General Counsel. Fiatallis terminated him in 1988, and Bland subsequently retained counsel to bring suit against his former employer on behalf of a putative class of retired Fiatallis employees, alleging violations of the Employer Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 et. seq. Specifically, the complaint alleged that, upon the closing of several of Fiatallis' plants, the company induced the plaintiffs to retire with the promise that their medical insurance benefits and costs under their retirement and pension plan would remain constant for their lifetimes. Subsequently, Fiatallis informed the retirees that their medical insurance benefits would be modified and that they would be required to contribute more to receive benefits.

During the course of discovery, Fiatallis served document requests on Bland, who subsequently turned over to his attorneys a number of documents he had retained after being terminated from defendant. After reviewing the documents, Bland's attorneys contacted Fiatallis to inform it that some of the documents they had received from Bland may implicate the attorney-client or work-product privilege. Upon reviewing the documents, Fiatallis did indeed assert a privilege over them and Bland objected to the assertion of privilege, arguing that Fiatallis had not carried its burden of demonstrating that any privilege

applied to protect the documents, and that in any event, the documents were either not privileged on their face or should be produced pursuant to the fiduciary exception for ERISA matters.[3]

**Legal Analysis**

As an initial matter, we note that we are not concerned with testimony Bland gave during his deposition about his opinion regarding the privileged nature of the documents. Both parties recognized that Bland testified merely that he agreed the documents represented attorney-client communications, but he had "no idea" if such communications were privileged. As the privilege belongs to Fiatallis to assert, and not to Bland, his opinions are not relevant to our analysis. Similarly, we will not concern ourselves with Fiatallis' contention that Bland breached the confidentiality provisions of his termination agreement by retaining copies of the documents. Such allegations, even if true, do not impact our determination here.

In our previous opinion, we agreed with Bland that it was Fiatallis' burden to establish that the documents were privileged and further held that we would conduct an *in camera* review of them after obtaining Fiatallis' privilege log containing its explanations of privilege. As we explained, the rule for finding that a document is protected by the attorney client-privilege is when: 1) legal advice of any kind is sought 2) from a professional legal advisor in his capacity as such, 3) the communications relating to that purpose, 4) made in

---

[3] During the original round of briefing on the issue of whether the documents are privileged, Bland produced a second set of document (the "Supplemental documents") and Fiatallis promptly asserted a privilege over them as well. However, in its reply brief, Fiatallis clarified that it actually only believed that some of the Supplemental documents were privileged. It included these in its *in camera* submission to the Court and described them in its privilege log.

3

confidence, 5) by the client, 6) are at his instance permanently protected 7) from disclosure by himself or the legal advisor, 8) except the protection may be waived. *See United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991). Further, communications from an attorney to his or her client may also be privileged, but only if such communications contain confidential information provided by the client. *See United States v. DeFazi*, 899 F.2d 626, 635 (7th Cir. 1990); *Ziemack v. Centel Corp.*, 92 C 3551, 1995 WL 314526 (N.D.Ill. May 19, 1995).

A document may be protected by the work-product privilege if it is created by an attorney "in anticipation of litigation." *See* Fed.R.Civ.P. 26(b)(3); *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996). Although an opponent may overcome an assertion of privilege upon a showing of substantial need, *id.*, courts are cautioned by Rule 26 to give even greater protection to attorney opinions which include mental impressions, conclusions, or legal theories concerning the prospective litigation. *Id.* at 976, n.4. Finally, in evaluating whether a particular document was really prepared in anticipation of litigation, courts are to "look to whether in light of the factual context the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Id.* at 976-77.

Fiatallis has provided us with copies of the allegedly privileged documents divided into four groupings:

**Group A, Exhibit 3 to Bland's deposition.** Memo from Fiatallis' Vice Chairman to senior members of Fiatallis' administration discussing legal advice received from outside counsel regarding, *inter alia*, the possible liabilities to Fiatallis should it close part of its operations and/or terminate it pension plan.

This document is protected by the attorney-client privilege because it specifically discusses advice received from an attorney regarding confidential client communications and was disseminated only to those individuals who were responsible for making decisions

4

regarding the actions discussed therein.[4]  Although this letter also discusses the general risk of litigation arising from the termination of Fiatallis' pension plan, it is not specific enough to say that the document was prepared "in anticipation of litigation." Instead, the letter was merely setting forth a possible course of action for the company that could, if implemented, result in litigation.

**Group B, Exhibit 5 to Bland's deposition.** Letter from outside counsel regarding potential reorganization of Fiatallis.

This document is also protected by the attorney-client privilege because it contains an attorney's analysis of confidential Fiatallis information. Further, it was only given to one high-level individual at Fiatallis. Although Fiatallis contends that this document is also protected by the work-product privilege, it does not discuss a specific anticipation of litigation, so this privilege does not apply.

**Group C, Exhibit 5 to Bland's deposition.** Internal Fiatallis memorandum regarding Fiatallis' potential legal liability should it terminate its pension plan, and various attachments from outside counsel and consultants regarding financial alternatives for terminating the plan.

We agree that the original Fiatallis memorandum (bates numbered 00001 - 00004), is privileged, as are several of the other attachments that were either created by Fiatallis' outside counsel regarding confidential legal issues or consist of internal Fiatallis communication discussing legal advice (bates numbers 000030 - 000039, 000040 - 000042, 000072 - 000078, 00005, 00006 - 000022, 000095 - 000098). Further, the original memo discusses a more specific risk of litigation than the documents in groups A and B, and

---

[4] Bland argues that Fiatallis has not carried its burden of proving that the documents were actually disseminated only to the limited individuals named on the memo. However, absent any evidence to the contrary, we assume that the distribution was limited to the high-level management individuals listed on the memo.

5

proposes various alternatives to deal with that risk. Thus, the memo and privileged attachments also fall under the protection of the work-product privilege.

However, there are other documents over which Fiatallis' asserts the privilege merely because they were in some way "attached" to the memo. All of these documents either set forth communications between a non-attorney outside benefits consultant and internal Fiatallis managers, or do not reveal either the author or recipient of the document. Although Fiatallis contends that the documents were "attached" to the original memo, nothing about them demonstrates that they were created for a legal, as opposed to a business, purpose; the documents are not specifically referenced in the memo. Thus, the remaining documents in this group must be produced.

We additionally find that document 000065 - 000068 is not privileged. Fiatallis contends that it is subject to the "accountant - client privilege" because it is an "opinion letter regarding disclosure requirements and financial-statement related issues regarding Fiatallis pension plans." However, there is no such thing as an "accountant - client privilege." *See In the Matter of Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000). Material transmitted to an accountant may only take on the protection of privilege if the accountant is acting as an agent of an attorney for the purpose of providing legal advice. *Id., citing United States v. Brown*, 478 F.2d 1038, 1040 (7th Cir. 1973). In this case, the purpose of the letter appears to be the provision of accounting or financial advice, not legal advice. Thus, no privilege applies and Fiatallis must produce this document.

**Group D, Supplemental documents produced by Bland.** Various letters between Fiatallis' outside counsel and upper level Fiatallis management (including Bland) and/or Fiatallis' outside benefits consultants regarding plan termination.

We find that all of these documents are covered by the attorney-client privilege because they consist of confidential client communications regarding legal issues, similar to the documents discussed in Groups A and B, above. However, because they only discuss the general risk of litigation associated with various courses of action, they do not fall under the protection of the work-product privilege.

The next question is whether there is some reason to obviate the privilege in this case, such as waiver by Fiatallis or an exception to the privilege. Bland argues that many, if not all of the documents should be produced because, even if privileged on their face, they fall under the so-called fiduciary exception to ERISA. This exception recognizes that in cases where beneficiaries of an ERISA plan allege a fiduciary's breach of its duty, the attorney-client privilege should not be used as a shield to prevent disclosure of information relevant to that breach. See *Harper-Wyman Co. v. Conn. General Life Ins. Co.*, No. 86 C 9595, 1991 WL 62510 (N.D.Ill., April 17, 1991) (*citations omitted*). Thus, a fiduciary of an ERISA plan "must make available to the beneficiary, upon request, any communications with an attorney that are intended to assist in the administration of the plan." *In re Long Island Lighting Co.*, 129 F.3d 268, 272 (2nd Cir. 1997). However, the mere fact that an employer provides its employees with a benefit plan does not convert the employer into an ERISA fiduciary for all actions it takes with regard to the benefit plan. *See, id.* ("Under ERISA, an employer may perform both fiduciary and non-fiduciary functions.") An employer acts as a fiduciary only when it undertakes plan management or administration; decisions concerning the plan's design, amendment or termination do not comprise fiduciary activities. *Id.*

Fiatallis argues that the documents all concern non-fiduciary aspects of the benefits plan. After reviewing the documents, we agree that those we found covered by the attorney-client and/or work-product privilege are not subject to the fiduciary exception because they all concern plan termination and/or amendment, not its management. Specifically, management of an ERISA plan, which carries with it fiduciary responsibilities, encompasses such activities as investment of pension funds and communications to employees about plan administration, such as pension options. See *King v. National Human Resource Committee*, 218 F.3d 719, 724 (7th Cir. 2000) (spin-off of plan assets to new plan did not implicate fiduciary responsibilities); *Lenz v. Milwaukee County*, 961 F.Supp. 1268, 1275 (E.D.Wisc. 1997) citing *Peoria Union Stock Yards Co. Retirement Plan v. Pennsylvania Mutual Life Ins. Co.*, 698 F.2d 320, 326 (7th Cir. 1983).

In his sur-reply, Bland does not dispute Fiatallis' contention that it was acting in a non-fiduciary capacity when it entered into privileged communications with its attorneys. Instead, he contends that the mere fact that he was a plan fiduciary and also received copies of the documents in order to perform his job duties was enough to waive any assertion of privilege as to the plan beneficiaries. Bland cites no authority for this proposition and we find none. Indeed, the case law is clear that an employer (or for that matter, employee), may act in both a fiduciary and non-fiduciary manner. See *King*, 218 F.3d at 724. Thus, the fact that Bland may have had fiduciary responsibilities with regards to the plan does not convert all of his communications regarding the plan into a non-privileged fiduciary matter.

Finally, Fiatallis asks that we disqualify Bland's counsel and/or dismiss his complaint

as a penalty for his attorneys' unauthorized retention of the documents. Fiatallis cites to several ABA opinions and the Restatement of the Law Governing Lawyers for the proposition that disqualification may be appropriate in situations where an attorney wrongfully reviews documents he or she knows to be privileged. We do not believe that such sanctions are appropriate in this case. Upon receiving the documents from Bland, his attorneys immediately notified Fiatallis that they might be subject to some assertion of privilege; the parties then engaged in discussions and eventual briefing of the issue as to whether the documents actually were privileged. Bland's attorneys consistently argued that they were not, and although we now hold that a majority of the documents are in fact privileged, we did find that some of the documents must be produced. Additionally, we cannot say that Bland's attorneys have used the documents improperly since this dispute began. Now that we have ruled regarding the documents, Bland's attorneys are of course under the ethical obligation to return all privileged materials to Fiatallis, inform Fiatallis what other entities, if any, might have been given the documents, and refrain from using them for any purpose whatsoever in the litigation.

For the above reasons, Fiatallis' motion for protective order is granted in part and denied in part. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: November 21, 2002