# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 69 | DATE | 4/10/2003 |
| CASE TITLE | BLAND vs. FIATALLIS NORTH AMERICA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 5/12/2003 at 10:00 A.M...
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (5-1 and 14) to strike jury demand and to strike count I prayer for relief regarding extra contractual damages is granted. Motion (7-1) to dismiss all state law claims is granted.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | **Document Number** |
| | No notices required. | | |
| | Notices mailed by judge's staff. | APR 1 5 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 60 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| DW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LOU BLAND, EDWARD HODGMAN, ROBERT LAKE, GERALDINE ROSATO and ERVIN SHORES, for themselves and for all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FIATALLIS NORTH AMERICA, INC., <br><br> Defendant. | No. 02 C 0069 <br> Judge James B. Zagel |



## MEMORANDUM OPINION AND ORDER

Fiatallis North America, Inc. ("Fiatallis") is a corporation headquartered in Carol Stream, Illinois. Fiatallis formerly had facilities in Deerfield and Springfield, Illinois but closed them, along with a parts facility in Carol Stream, in 1985. In conjunction with these facility closings, Fiatallis offered separation packages to approximately 1131 employees asked to retire from its Deerfield, Springfield, and Carol Stream locations. Plaintiffs are retirees or spouses of retirees from this group, and they bring this lawsuit on behalf of themselves and other allegedly similarly situated individuals. In a three-count complaint, they seek to recover the benefits to which they claim they are entitled under the Fiatallis' employee benefit plan known as the "Retirement and Pension Plan for Fiatallis North America, Inc. Employees" (the "Plan"), which they assert is regulated by the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et. seq.* Prior to the transfer of this case from the United States District Court for the Central District of Illinois, Fiatallis moved to dismiss all state law (non-ERISA) claims in the complaint, to strike



plaintiffs' jury demand as to Count I, and to strike plaintiffs' Count I prayer for extracontractual damages.

Before addressing these motions, I note that I am probably bound by a previous decision in this matter holding that plaintiffs' complaint falls within ERISA. *See Bland v. Fiatallis North America, Inc., No. 01-3236, order of October 29, 2001*, at *5 (C.D. Ill.). However, even were I not bound by this decision, I would hold the same. Plaintiffs seek to recover medical insurance benefits that they were entitled to before the January 2001 modifications. The Plan, as plaintiffs freely admit in their complaint, is a fully qualified employee welfare benefits plan under ERISA. As such, plaintiffs are eligible to bring a claim under ERISA § 502(a), which authorizes actions for benefits under a plan, since they are plan participants or spouses of plan participants. *Jass v. Prudential Health Care Plan*, 88 F.3d 1482, 1489 (7th Cir. 1996). In addition, plaintiffs' Count I is a claim for denial of benefits under the Plan and thus falls within the scope of an ERISA provision that plaintiffs can enforce via § 502(a). *Id.* Finally, Count I will require that I interpret the ERISA plan to determine what benefits plaintiffs had at the time of retirement and to determine whether Fiatallis had the authority to make the January 2001 modifications to the benefits package under the Plan. Therefore, this claim falls within ERISA.

Motion to Dismiss All State Law (Non-ERISA) Claims

Plaintiffs allege three counts in their complaint. Count I, entitled "Breach of Contract," asserts that Fiatallis made promises and representations, in conjunction with the separation packages and on other occasions and on which plaintiffs relied, and then breached these promises and representations in January 2001 by modifying and reducing the level of plaintiffs' medical benefits under the Plan. Count II, entitled "Violation of Illinois Consumer Fraud and Deceptive

2

Business Practices Act," arises under 815 ILCS 505/1 *et seq.*, commonly known as the Illinois Consumer Fraud and Deceptive Business Practices Act. This claim asserts damages arising from Fiatallis' alleged false promises regarding the January 2001 changes to the level of retirees' medical benefits. Finally, Count III, entitled "Declaratory Relief," is a result of the alleged breach of promises in January 2001 and arises under 735 ILCS 5/2-701. Fiatallis argues that each of these claims is entirely or in part preempted by ERISA § 514(a), which provides that ERISA preempts state law claims that relate to an ERISA employee benefit plan. 29 U.S.C. § 1144(a).

Regarding Count I, the Seventh Circuit has held that ERISA preempts state law breach of contract claims that relate to an ERISA employee benefits plan. *See Dranchak v. Akzo Nobel Inc.*, 88 F.3d 457, 459-60 (7th Cir. 1996); *Miller v. Taylor Insulation Co.*, 39 F.3d 755, 758 (7th Cir. 1994); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1136 (7th Cir. 1992); *Panaras v. Liquid Carbonic Industries Corp.*, 74 F.3d 786, 795 (7th Cir. 1996); *Kreutzer v. A.O. Smith Corp.*, 951 F.2d 739, 743 (7th Cir. 1991). Here, the breach of contract claim in Count I relates to an ERISA plan and is thus preempted by § 514(a). This does not mean, however, that Count I in its entirety should be dismissed. In substance, Count I alleges that Fiatallis breached the terms of an employee benefits plan regulated by ERISA when it implemented modifications to benefits levels in January 2001. The Supreme Court has stated that, under ERISA, the substance and not the form of an articulated claim will control whether it states a claim upon which relief may be granted. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Here, Count I in substance states a claim under § 503(a)(1)(B) because plaintiffs seek to recover benefits and enforce and clarify a right to certain level of benefits, under their ERISA plan in effect prior to January 1,

3

2001. A claim arising under ERISA should not be dismissed, but rather interpreted as arising solely under ERISA. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1077-78 (7th Cir. 1992); *Shannon v. Shannon*, 965 F.2d 542, 553 (7th Cir. 1992). Accordingly, I dismiss Count I to the extent it asserts a claim under the Illinois law of contracts, and treat Count 1 as stating a claim solely under ERISA § 503(a)(1)(B).

Regarding Count II, the Seventh Circuit has held on numerous occasions that claims brought under the Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et. seq.*, that relate to an ERISA employee benefits plan are preempted by § 514(a). *See Anderson v. Humana, Inc.*, 24 F.3d 889, 891 (7th Cir. 1994); *DeBruyne v. Equitable Life Ass. Soc. of U.S.*, 920 F.2d 457, 468 (7th Cir. 1990); *Weatherly v. Illinois Bell Telephone*, 856 F.Supp. 1301 (N.D. Ill. 1994). Clearly, Count II relates to the Plan, which plaintiffs concede is an ERISA plan, because it challenges modifications to benefits level undertaken in January 2001 that are connected with the alleged Plan. The connection exists by virtue of the effect of the modifications on the benefit levels to which plaintiffs claim a lifetime entitlement. Moreover, but for the existence of the Plan, Fiatallis clearly would not be liable. Accordingly, Count II is preempted by § 514(a) and is hereby dismissed.

Regarding Count III, the Seventh Circuit has further held that ERISA preempts state claims for declaratory relief that relate to an ERISA benefits plan. *See Lister v. Stark*, 890 F.2d 941, 942 (7th Cir. 1989); *Weatherly*, 856 F.Supp. at 1304-05. Indeed, the Supreme Court has stated that § 503(a)(3)(B) "has been interpreted as creating a cause of action for a declaratory judgment." *Franchise Tax Bd. of the State of Calif. v. Construction Laborers Vacation Trust for*

*Southern California*, 463 U.S. 1 n. 31 (1983). Accordingly, Count III is preempted by § 514(a) and is hereby dismissed.

Motion to Strike Count I Jury Demand

There is no right to a jury trial for benefits under § 503(a)(1)(B) because of the equitable nature of ERISA. *See Sofo v. Pan-American Life Ins. Co.*, 13 F.3d 239, 241-42 (7th Cir. 1994); *Brown v. Retirement Committee of Briggs & Stratton Retirement Plan*, 797 F.2d 521, 527 (7th Cir. 1986); *Wardle v. Central States, Southeast & Southwest Areas Pension Fund*, 627 F.2d 820 (7th Cir. 1980); *Oil, Chemical & Atomic Workers' Intern. v. Amoco Corp.*, No. 93 C 5929, 1996 WL 563447, at *2 (N.D. Ill. Sept. 27, 1996). Here, plaintiffs demand a jury trial on Count I, but this claim now stands as a claim solely under § 503(a)(1)(B). Accordingly, this claim does not entitle plaintiffs to a jury trial.

Motion to Strike Count I Prayer for Relief to the Extent It Demands Extracontractual Damages

Extracontractual damages cannot be recovered in ERISA actions. *See Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819 (7th Cir. 2001); *Harsch v. Eisenberg*, 956 F.2d 651, 655 (7th Cir. 1992). Here, Plaintiffs' prayer for relief in Count I, which now stands as a claim solely under ERISA § 503(a)(1)(B), includes a demand that judgment be entered against Fiatallis "in an amount that will fairly compensate the class for the damages incurred to date . . . which are presently estimated to exceed Two Million Five Hundred Thousand Dollars ($2,500,000)." This prayer for relief includes the very extracontractual damages that cannot be recovered under ERISA. To that extent, the prayer for relief in Count I is stricken.

For the aforementioned reasons, Fiatallis' Motion to Dismiss All State Law (Non-ERISA) Claims in the Complaint, Motion to Strike Count I Jury Demand, and Motion to Strike Count I Prayer for Relief to the Extent It Demands Extracontractual Damages are GRANTED.

ENTER:

*James B. Zagel*
United States District Judge

DATE: 10 April 2003