IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOU BLAND, EDWARD HODGMAN, the )
ESTATE OF GERALDINE ROSATO, ERVIN )
SHORES, and RICHARD HORCHER, for )
themselves and for all others similarly situated, )
)
                Plaintiffs, ) Case No: 2002-CV-69
    vs. ) Judge James B. Zagel
)
FIATALLIS NORTH AMERICA, INC., CASE )
NEW HOLLAND, INC., and CNH HEALTH AND )
WELFARE PLAN, )
)
                Defendants. )
)

## PLAINTIFF'S MOTION
## TO WITHDRAW PLAINTIFFS' PREVIOUSLY FILED MOTION FOR CLASS CERTIFICATION, TO CERTIFY THE CLASS AND SUBCLASSES SET FORTH IN THIS MOTION,
## AND TO APPOINT CLASS COUNSEL

Plaintiffs, LOU BLAND, EDWARD HODGMAN, the ESTATE OF GERALDINE ROSATO, ERVIN SHORES, and RICHARD HORCHER, (Named Plaintiffs) on behalf of themselves and on behalf of all other members of the proposed Class request that the Court enter an order (1) certifying that this case meets the requirements to proceed as a class action under Rule 23(b)(2); (2) approving the definition of the Class and sub-classes as set forth in this Motion; and (3) appointing Ross, Dixon & Bell, LLP, Bolen & Robinson and Sandals & Associates as Class Counsel. In support of the Motion the Plaintiffs state as follows:

1.     On January 23, 2006, Class Plaintiffs filed a Motion for Class Certification and for Appointment of Class Counsel. *See* Docket no. 138. (Original Class Motion). On March 3, 2006, Defendants filed their response in partial opposition to Plaintiffs' Original Class Motion. *See* Docket no. 148. A copy of that Motion and the supporting Exhibits are attached hereto and

950851 v 1

incorporated herein as Exhibit A. Defendants did not oppose class certification on the basis that the proposed class did not meet the requirements of Rule 23(a) and 23(b)(2) but rather argued that the Plaintiffs' proposed definition of the class was imprecise and overly broad. Subsequent to the time the Plaintiffs filed their Original Class Motion, the parties engaged in settlement negotiations, and stipulated to extending the time in which Plaintiffs were to file their reply memorandum in support of their Original Class Motion. *See* Docket nos. 154 and 156.

2. As a result of extensive negotiations and with the assistance of Magistrate Judge Denlow, Named Plaintiffs and Defendants have negotiated a settlement which they believe embodies a reasonable compromise that is fair to both the proposed Class Members and Defendants and is in the best interests of the proposed Class Members. The Settlement Agreement reflects a desire by both Named Plaintiffs and Defendants to fully and finally settle and compromise any and all claims and issues of law or fact that were raised or could have been raised in this lawsuit in an expeditious manner. The parties have filed a motion seeking preliminary approval of the settlement. As part of the proposed settlement, the parties have agreed that this case satisfies the requirements of Rule 23(a) and 23(b)(2) and, therefore should proceed as a class action; that the Class and Sub-Classes are properly defined as set forth in this Motion; that the Named Plaintiffs are adequate representatives of the Class and Sub-Classes and that counsel identified herein should be designated as Class Counsel.

3. Named Plaintiffs request leave to withdraw their Original Class Certification Motion and ask this Court to certify that this case meets the requirements of Rule 23(a) and 23(b)(2) with the following definition of Class and Sub-classes:

> All Named Plaintiffs and all persons who held salaried or non-union hourly positions with Fiatallis and all persons who held salaried or non-union hourly positions in the Allis-Chalmers Corporation who further meet all of the following criteria: (1) his or her full-time employment with

2

Fiatallis or Allis Chalmers Corporation terminated on or before September 15, 1989 and he or she was eligible to participate in a Fiatallis retiree health benefits plan as a retiree on or before September 15, 1989, or was eligible to participate in a Fiatallis retiree health benefits plan as a retiree on or before September 15, 1989 but at Fiatallis' request continued active employment after that date on the condition that they would receive retiree health benefits as they existed on or before September 15, 1989, and (2) participated in a Fiatallis retiree health benefit plan that was funded in part by Fiatallis as of the date on or after October 1, 2000, that Fiatallis notified the individual of the changes to the plan that were effective February 1, 2001. The Class includes a surviving spouse or eligible dependent of any individual who meets all the requirements set forth above provided further that the surviving spouse or eligible dependent was participating in a retiree health benefit plan funded in part by Fiatallis as of the date on or after October 1, 2000, that Fiatallis notified the individual of the changes to the plan that were effective February 1, 2001.

The Class is divided into the following subclasses, and includes those individuals listed on Exhibits 1 and 2 to the Settlement Agreement:

> Subclass A - Class Members who were living as of April 1, 2006 (Exhibit 1 to the Settlement Agreement).
>
> Subclass B - Class Members who were deceased prior to April 1, 2006 but living as of February 1, 2001 (Exhibit 2 to the Settlement Agreement).

Settlement Agreement, ¶ 18.

4. Named Plaintiffs also request that the Court appoint Ross, Dixon & Bell, LLP; Bolen & Robinson; and Sandals & Associates as Class Counsel. A proposed Order is attached as Exhibit B.

Wherefore, Named Plaintiffs ask this Court to grant this Motion and enter an Order substantially in the form attached to this Motion.

Respectfully submitted,

Respectfully submitted,

LOU BLAND, EDWARD HODGMAN, the ESTATE OF GERALDINE ROSATO, ERVIN SHORES, and RICHARD HORCHER, For Themselves And For All Others Similarly Situated

By ___s/ Michael G. Bruton___
      One of their attorneys

Dated: September __, 2006

Michael G. Bruton
Ross, Dixon & Bell, LLP
55 West Monroe, Ste. 3000
Chicago, IL 60603
312-759-1920

Alan M. Sandals
Scott M. Lempert
Sandals & Associates, P.C.
One South Broad St., Ste. 1850
Philadelphia, PA 19107
215-825-4000

Jon D. Robinson
Bolen, Robinson & Ellis, LLP
202 S. Franklin, 2nd Floor
Decatur, IL 62523
217-429-4296

950851 v 1