# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOU BLAND, EDWARD HODGMAN, the ESTATE OF GERALDINE ROSATO, ERVIN SHORES, and RICHARD HORCHER, for themselves and for all others similarly situated,<br><br>                Plaintiffs,<br>vs.<br><br>FIATALLIS NORTH AMERICA, INC., CASE NEW HOLLAND, INC., and CNH HEALTH AND WELFARE PLAN,<br><br>                Defendants. | Case No: 2002-CV-69<br>Judge James B. Zagel |

## ORDER GRANTING CLASS CERTIFICATION AND APPOINTING CLASS COUNSEL

The Plaintiffs' Motion To Withdraw Plaintiffs' Previously Filed Motion For Class Certification To Certify The Class And Subclasses Set Forth In This Motion And To Appoint Class Counsel is **GRANTED.**

1. Plaintiff's original Motion for Class Certification Docket Number 138 is withdrawn.

2. The Court finds that this action satisfies the requirements to proceed as a class action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of the following Class and Subclasses:

> All Named Plaintiffs and all persons who held salaried or non-union hourly positions with Fiatallis and all persons who held salaried or non-union hourly positions in the Allis-Chalmers Corporation who further meet all of the following criteria: (1) his or her full-time employment with Fiatallis or Allis Chalmers Corporation terminated on or before September 15, 1989 and he or she was eligible to participate in a Fiatallis retiree health benefits plan as a retiree on or before September 15, 1989, or was eligible to participate in a Fiatallis retiree health benefits plan as a retiree on or before September 15, 1989 but at Fiatallis' request continued active employment after that date on the condition that they would receive retiree health benefits as they existed on or before September 15, 1989, and (2) participated in a Fiatallis retiree health benefit plan that was funded in part by Fiatallis as of the date on or after October 1, 2000, that Fiatallis notified the individual of the changes to the plan that were effective February 1, 2001. The Class includes a surviving spouse or eligible dependent of any individual who meets all the requirements set forth above provided further that the surviving spouse or eligible dependent was participating in a retiree health benefit plan funded in part by Fiatallis as of the date on or after October 1, 2000, that Fiatallis notified the individual of the changes to the plan that were effective February 1, 2001.
>
> The Class is divided into the following subclasses, and includes those individuals listed on Exhibits 1 and 2 to the Settlement Agreement:
>
> Subclass A - Class Members who were living as of April 1, 2006.
>
> Subclass B - Class Members who were deceased prior to April 1, 2006 but living as of February 1, 2001.

The parties agree that, following a careful investigation, they have identified 1075 individuals who satisfy the above class definition and their identities are listed in Exhibits 1 (Subclass A) and 2 (Subclass B) to the Settlement Agreement.

3. The Class and Subclasses meet the requirements of Federal Rule of Civil Procedure 23(a) in that:

2

a)  The members of the Class and Subclasses are so numerous that joinder of all members is impracticable;

b)  The claims asserted by Plaintiffs, on behalf of themselves and on behalf of the Class, present numerous common questions of law and fact;

c)  Named Plaintiffs Lou Bland, Edward Hodgman, Ervin Shores, Richard Horcher and the estate of Geraldine Rosato are members of the Class and Subclasses and their claims are typical of the claims which would be prosecuted on behalf of the members of the Class and Subclasses; and

d)  Named Plaintiffs and their counsel will fairly and adequately protect the interests of the Class and Subclasses.

4.  The Class and Subclasses also meet the requirements of Federal Rule of Civil Procedure 23(b)(2) in that Defendants are charged with having acted or refusing to act on grounds generally applicable to all members of the proposed Class, making appropriate final class-wide declaratory and injunctive relief, thus warranting certification under Rule 23(b)(2).

5.  The following additional factors support and warrant class certification:

a)  The questions of law and fact common to the class members predominate over any questions affecting only individual members, such as computation of damages;

b)  A class action is superior to other methods available for the fair and efficient adjudication of the controversy in that it avoids a potential for a multiplicity of suits and the individual claims are not so large as to make individual litigation financially feasible;

c)  No other class members have filed actions to adjudicate the claims raised in this action and there is no demonstrable interest of members of the class in individually controlling the prosecution of separate actions;

d) There is no other pending litigation concerning the issues raised by this action, and class treatment is the superior manner for resolution of these claims;

e) Many class members and witnesses live in the Northern District of Illinois, and some documentary evidence is located in this District; this class action accordingly is the most desirable method for concentrating in this forum the claims raised by this class action; and

6. The Class and Subclasses are hereby certified pursuant to Federal Rule of Civil Procedure 23(b)(2). Consistent with this form of certification, all members of the Class and Subclasses are mandatory members and they may not opt-out of or exclude themselves from the Class.

7. Named Plaintiffs Lou Bland, Edward Hodgman, Ervin Shores, Richard Horcher and the estate of Geraldine Rosato are hereby appointed as the representatives of the Class. Attorneys Jon D. Robinson, Alan M. Sandals, Scott M. Lempert and Michael Bruton and the firms they are associated with are hereby appointed as counsel for the Class and Subclasses pursuant to Rule 23(g)(1).

So Ordered:

JAMES B. ZAGEL
United States District Judge

Dated: _____