# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LOU BLAND, EDWARD HODGMAN, the ESTATE OF GERALDINE ROSATO, ERVIN SHORES, and RICHARD HORCHER, for themselves and for all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No: 2002-CV-69 |
| vs. | ) Judge James B. Zagel |
| FIATALLIS NORTH AMERICA, INC., CASE NEW HOLLAND, INC., and CNH HEALTH AND WELFARE PLAN, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## **ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT**

A hearing having been held before this Court on November 15, 2006, pursuant to this Court's Order dated September 5, 2006, upon the Stipulation and Agreement of Settlement and the exhibits annexed thereto, dated September 1, 2006 (the "Settlement Agreement"), filed in the above-captioned action; the Court having determined that due notice of the proposed settlement and of that hearing was given to all members of the proposed Settlement Class and Subclasses (as that term is defined in the Settlement Agreement) whose interests are affected by the proposed settlement in accordance with the Order dated September 5, 2006; the respective parties having appeared by their attorneys of record at the hearing; an opportunity to be heard having been given to all members of the Settlement Class and Subclasses in accordance with the Court's Order dated September 5, 2006; all members of the Settlement Class and Subclasses having been given due notice of and an opportunity to present their legal and factual arguments in opposition to approval of the Settlement Agreement and the request of Class Counsel for an award of attorneys' fees and reimbursement of expenses; and the entire matter of the proposed

settlement and proposed certification of the Settlement Class and Subclasses having been heard and considered by the Court;

IT IS ORDERED, ADJUDGED AND DECREED THIS 15TH DAY OF NOVEMBER, 2006 AS FOLLOWS:

1. To the extent defined in the Settlement Agreement, the terms in this Order shall have the meanings set forth therein.

2. The Notice of Proposed Settlement of Class Action and Settlement Hearing was mailed by first class mail on or about September 14, 2006, in accordance with the Order dated September 5, 2006, to all members of the proposed Settlement Class and Subclasses at their last known addresses.

3. The Court determines that due and adequate notice of the proposed settlement has been provided to all members of the proposed Settlement Class and Subclasses, such notice being found to be the best notice practicable under the circumstances and to meet all requirements of due process and of Fed. R. Civ. P. 23; that full opportunity has been given to all members of the proposed Settlement Class and Subclasses to participate in the hearing on November 15, 2006; that all objections to the Settlement Agreement have been fully and fairly considered and have been found to be without merit; and that all such members of the proposed Settlement Class and Subclasses are bound by the Order and Final Judgment entered herein.

4. Pursuant to Rule 23(e), the Settlement Agreement and the proposed Payment to Class Members contained therein, and the terms thereof, are approved and confirmed as being fair, reasonable and adequate as to all members of the Settlement Class and Subclasses, for the reasons stated on the record at the Settlement Hearing. The Court finds and hereby confirms that there are no other agreements which have been made in connection with the settlement. The

parties are hereby directed to proceed with and implement the Settlement Agreement in accordance with its terms. The award of attorneys' fees and expenses, as approved in paragraph 12 below, shall be disbursed according to the terms of the Settlement Agreement after the Settlement Effective Date (as that term is defined in the Settlement Agreement).

5. As of the Settlement Effective Date, each Named Plaintiff, each member of the Settlement Class and each Defendant shall be deemed to release and discharge the Released Persons from all of the Released Claims, as defined in Article 6 of the Settlement Agreement.

6. The Court having considered the petition of counsel for Plaintiffs for an award of attorneys' fees and reimbursement of expenses out of the settlement fund, the Court hereby grants the petition and awards to Class Counsel out of the settlement fund attorneys' fees and expenses in the amount of $1,613,000. This award of fees and expenses shall be paid from the settlement fund at the time and in the manner provided in the Settlement Agreement.

7. The Court hereby approves of the establishment of the settlement fund described in paragraphs 23 and 34 of the Settlement Agreement, and, in particular, approves of its treatment as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

8. The Court shall retain continuing jurisdiction of this matter for the purposes of consummating, implementing, and enforcing the Settlement Agreement and the terms of this Order and Final Judgment, including satisfaction of the requirements of Treas. Reg. § 1.468B-1(c)(1), and entry of any further orders as may be necessary and appropriate.

9. The Clerk of the Court is directed to enter a Final Judgment pursuant to a settlement dismissing this case with prejudice with respect to each Plaintiff and each member of the Settlement Class and Subclasses pursuant to Federal Rule of Civil Procedure 41(a)(2). The

Court's reservation of continuing jurisdiction pursuant to the preceding paragraph shall not affect in any way the finality of this Order and Final Judgment.

So Ordered:

_____
JAMES B. ZAGEL
United States District Judge

Dated: _____